UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,                  :

                                           :          11 Cr. 576 (WHP)

        -against-                          :          MEMORANDUM & ORDER

JOSHUA MEREGILDO et al.,                    :          USDC SDNY
                                           :          DOCUMENT
                Defendants.                            ELECTRONICALLY FILED
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X          DOC #:

WILLIAM H. PAULEY III, District Judge:                 DATE FILED: 8/10/12

        Defendant Melvin Colon ("Colon") moves to suppress evidence seized from his

Facebook account pursuant to a search warrant. For the following reasons, Colon's motion to

suppress is denied.


                                    BACKGROUND

        Facebook is a social networking service and website that allows registered

users—among many things—to create a personal profile, add other registered users as "friends,"

join interest groups, and "tag" photographs with names and descriptions. The scope of personal

information that can be part of a registered user's personal profile is virtually limitless—

including contact information, lists of personal interests, photographs, and videos. Colon's

registered Facebook profile is "Mellymel Balla."

        As part of a grand jury investigation in the Southern District of New York, the

Government applied for a search warrant for the contents of Colon's Facebook account.

Magistrate Judge Frank Maas found probable cause existed to obtain the contents of Colon's

Facebook account and issued the warrant. Colon does not contest the magistrate judge's finding

of probable cause.  Instead, he attacks the propriety of the Government's method of collecting

evidence to support that probable cause determination.  More specifically, Colon presents a

Fourth Amendment challenge to the Government's use of a cooperating witness who was one of

Colon's Facebook "friends" and gave the Government access to Colon's Facebook profile.

DISCUSSION

The Fourth Amendment guarantees that all people shall be "secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST.

amend. IV.  A person has a constitutionally protected reasonable expectation of privacy when

they have both a subjective expectation of privacy and that expectation is one that society

recognizes as reasonable.  See United States v. Katz, 389 U.S. 361 (1967) (Harlan, J.

concurring).  Generally, people have a reasonable expectation of privacy in the contents of their

home computers.  See United States v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004).  But this

expectation is not absolute, and may be extinguished when a computer user transmits

information over the Internet or by e-mail.  See Lifshitz, 369 F.3d at 190; see also Guest v. Leis,

255 F.3d 325, 333 (6th Cir. 2001).

Facebook—and social media generally—present novel questions regarding their

users' expectations of privacy.  Facebook users may decide to keep their profiles completely

private, share them only with "friends" or more expansively with "friends of friends," or

disseminate them to the public at large.  (See Facebook Help Center,

http://www.facebook.com/help/privacy (last visited Aug. 10, 2012).)  Whether the Fourth

-2-

Amendment precludes the Government from viewing a Facebook user's profile absent a showing of probable cause depends, inter alia, on the user's privacy settings.

When a social media user disseminates his postings and information to the public, they are not protected by the Fourth Amendment. See Katz, 389 U.S. at 351 (1967) (citations omitted). However, postings using more secure privacy settings reflect the user's intent to preserve information as private and may be constitutionally protected. See Katz, 389 U.S. at 351-52 (citations omitted).

Here, Colon maintained a Facebook profile in which he permitted his Facebook "friends" to view a list of all of his other Facebook "friends," as well as messages and photographs that Colon and others posted to Colon's profile. (See Def.'s Mem. of Law, Ex. F: Affidavit in Support of Facebook Search Warrant ("Facebook Aff.") at 8-9.) The Government viewed Colon's Facebook profile through the Facebook account of one of Colon's "friends" who was a cooperating witness. (See Facebook Aff. at 16.) By that means, the Government learned, inter alia, that Colon posted messages regarding prior acts of violence, threatened new violence to rival gang members, and sought to maintain the loyalties of other alleged members of Colon's gang. (See Facebook Aff. at 19.) Access to Colon's Facebook profile formed the core of the Government's evidence of probable cause supporting its application for the search warrant.

Where Facebook privacy settings allow viewership of postings by "friends," the Government may access them through a cooperating witness who is a "friend" without violating the Fourth Amendment. Cf. United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990) (finding that a person does not have a legitimate privacy expectation in telephone calls recorded by the Government with the consent of at least one party on the call.) While Colon undoubtedly

-3-

believed that his Facebook profile would not be shared with law enforcement, he had no justifiable expectation that his "friends" would keep his profile private. Cf. Barone, 913 F.2d at 49.  And the wider his circle of "friends," the more likely Colon's posts would be viewed by someone he never expected to see them.  Colon's legitimate expectation of privacy ended when he disseminated posts to his "friends" because those "friends" were free to use the information however they wanted—including sharing it with the Government.  Cf. Guest, 255 F.3d at 333 (finding that an e-mail sender—like a letter writer—loses their expectation of privacy upon delivery).  When Colon posted to his Facebook profile and then shared those posts with his "friends," he did so at his peril.  Because Colon surrendered his expectation of privacy, the Government did not violate the Fourth Amendment when it accessed Colon's Facebook profile through a cooperating witness.

Colon's contention that the Government did not employ any minimization procedure is meritless.  The Government set forth its minimization procedure in Attachment B to the Facebook Affidavit.  (See Def.'s Mem., Ex. G: Attachment B, II ("Attachment B, II").)  For instance, the Government sought to seize information related to the scheduling of meetings among members of the racketeering enterprise, drug trafficking activity, and weapons. (Attachment B, II.)  This description was sufficiently particular to allow the Government to examine the files it received from Facebook without violating the Fourth Amendment.  Cf. United States v. Riley, 906 F.2d 841, 845 (2d Cir. 1990) (search warrants authorizing the examination of a large amount of documents in a suspect's possession do not offend the Fourth Amendment—rather, they simply reflect the reality that few people keep documents of their criminal transactions in a folder marked "drug records.")

-4-

CONCLUSION

For the foregoing reasons, Defendant Melvin Colon's motion to suppress

evidence seized from his Facebook account is denied.

Dated:     August 10, 2012
           New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*
Nola B. Heller, Esq.
Adam Fee, Esq.
Santosh S. Aravind, Esq.
United States Attorney SDNY
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for the Government*

Mitchell Dinnerstein, Esq.
350 Broadway, Suite 700
New York, NY 10013
*Counsel for Melvin Colon*

Winston Lee, Esq.
20 Vesey Street, Suite 400
New York, NY 10007
*Counsel for Joshua Meregildo*

Florian Miedel, Esq.
111 Broadway, Suite 1401
New York, NY 10006
*Counsel for Earl Pierce*

Gary G. Becker, Esq.
200 West 57th Street, Suite 900
New York, NY 10019
*Counsel for Nolbert Miranda*