UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 11-576 (WHP) |
| v. | |
| Melvin Colon, | |
| Defendant. | |

## NON-PARTY FACEBOOK, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA

Non-party Facebook, Inc. ("Facebook") respectfully requests that the Court quash Defendant's September 12, 2012 subpoena for commanding a violation of the federal Stored Communications Act; for failing to comply with Federal Rule of Criminal Procedure 17(d) and potentially Rule 17(c)(3), and for its overbreadth under the standard for criminal subpoenas announced in *U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974).  Defendant can obtain the information he seeks in a manner that does not burden non-party Facebook or compel it to violate federal law.

### I.     INTRODUCTION

Facebook is a service provider that allows its users to communicate and share with one another.  It is not a party to this case, but received by fax and email a subpoena from Defendant seeking "all documents pertaining to Facebook URL: http://www/facebook.com/devin.morris.319452", including all communications related to the account without any limitation as to timeframe.  *See* Exhibit 1 hereto.

Defendant's subpoena is procedurally and substantively unenforceable. Procedurally, Defendant has not complied with Federal Rule of Criminal Procedure 17, as he has failed to personally serve Facebook or tender the required witness fees. *See* Fed. R. Cr. P. 17(d). Moreover, to the extent Defendant seeks records related to a victim in this matter, unless there are exceptional circumstances Defendant was required to give notice to the victim prior to obtaining the subpoena so that the victim could move to quash or modify the subpoena or otherwise object. *See* Fed. R. Cr. P. 17(c)(3). And, even if he cures the procedural defects, Defendant's request is barred by federal law. The federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, ("SCA"), prohibits Facebook from divulging the content of a user's communications to private parties, including criminal defendants. 18 U.S.C. § 2702(a)(1), (2); § 2702(b)(1)-(8). Defendant, however, remains free to obtain the content of electronic communications directly from the Facebook user, who is not bound by the SCA and who can log in to his or her Facebook account at any time to preserve, collect, produce, and authenticate his or her account content. This solution is permissible under the SCA; allows the Facebook user to assert any constitutional, statutory, or other objections they might have; and avoids imposing an undue burden on non-party Facebook. Accordingly, Facebook respectfully requests that the Court quash the subpoena.

## II.   STATEMENT OF FACTS

On September 13, 2012, Facebook received by email and facsimile Defendant's subpoena seeking Facebook account records and content associated with a purported Facebook account. *See* Exhibit 1 hereto. The subpoena sought production in seven days, or demanded that someone from California-based Facebook appear in court in New York with the requested documents within eight days. *Id.* Facebook's outside counsel contacted Defense counsel by

letter on September 17, 2012 informing counsel of Facebook's objections, but to date has received no response.  See Exhibit 2 hereto.

### III.   ARGUMENT

**A.   Federal Law Does Not Allow Criminal Defendants to Obtain the Content of Electronic Communications from a Service Provider Via a Subpoena.**

The SCA does not allow private parties, including criminal defendants, to obtain the content of electronic communications (such as Facebook messages, photos or posts) from service providers.  18 U.S.C. § 2702(a)(1), (2); see also Commonwealth v. McCarthy, Docket No. 1059CR2265, Memorandum and Order on Motion to Quash Subpoena, at 5 (Mass. District Court Sept. 13, 2011) ("As neither the defendant nor this court is a 'governmental agency' as that term is defined for the purposes of the [SCA], the terms of the [SCA] do not permit Facebook to comply with this court's order to produce the records that the defendant seeks") (attached as Exhibit 3); People v. Pour, Case No. 08 CF 2781 (Ill. Third Judicial Cir. July 1, 2010) (denying criminal defendant's motion to compel production of documents from Facebook because the subpoena was "barred under federal law") (attached as Exhibit 4).

There are eight exceptions to the SCA's prohibition on disclosure of content that allow for permissive disclosure by a service provider.  18 U.S.C. § 2702(b)(1)-(8) (enumerating the eight exceptions).  None of these exceptions allow disclosure of a user's account content in response to a subpoena issued by a criminal defendant.

Courts have uniformly held that the SCA prohibits service providers from disclosing the content of user communications in response to legal process issued by non-governmental entities.  See, e.g., Viacom Intern. Inc. v. Youtube Inc., 253 F.R.D. 256, 264 (S.D.N.Y. 2008)

(SCA contains no exception for disclosure of communications to non-governmental entity); *see also Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730-31 (9th Cir. 2011) (affirming quashing of subpoena issued by private party and noting that allowing non-governmental entities to obtain the content of communications with a subpoena would invade "the specific interests that the [SCA] seeks to protect."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004) (finding a subpoena issued by a private party seeking email insufficient under the SCA); *Special Markets Ins. Consultants, Inc. v. Lynch*, Case No. 11 C 9181, 2012 WL 1565348, at *2 (N.D. Ill., May 2, 2012) (quashing subpoenas for the content of electronic communications, stating that enforcing "subpoenas like the ones here would eviscerate the SCA's purpose"); *Chasten v. Franklin*, Case No. C10–80205 MISC JW (HRL), 2010 WL 4065606, at *2 (N.D. Cal. Oct. 14, 2010) (finding the service provider's "compliance with the [] subpoena would be an invasion . . . of the specific interests that the [SCA] seeks to protect") (citation omitted); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446-47 (2006) (finding that a service provider's compliance with a subpoena seeking content, even if accompanied by a court order, would be an "unlawful act").

Only a governmental entity, such as a prosecutor or law enforcement officer, can obtain the content of user communications from a service provider with legal process, and even then it must be pursuant to a search warrant supported by a finding of probable cause. 18 U.S.C. § 2703(a); *see also United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010). Under the SCA, a "governmental entity" is a "department or agency of the United States or any State or political subdivision thereof." 18 U.S.C. § 2711(4). The judiciary is not a governmental entity under the

4

SCA. *United States v. Amawi*, 552 F. Supp. 2d 679, 680 (N.D. Ohio 2008) (stating that the SCA "distinguishes between courts, which issue orders, and government entities, which can apply for orders . . . the judiciary and its components, including the Federal Public Defender, cannot obtain a court order under § 2703(d)"). Thus, a "so ordered" subpoena cannot overcome the SCA's prohibition on disclosure. *See Pour*, Case No. 08 CF 2781 (denying criminal defendant's motion to compel production of documents from Facebook because the subpoena was "barred under federal law"); *see also McCarthy*, Docket No. 1059CR2265, Memorandum and Order on Motion to Quash Subpoena at 5 (the terms of the [SCA] do not permit Facebook to comply with this court's order to produce the records that the defendant seeks"). Accordingly, the subpoena must be quashed.

**B.     The Content Is Available to Defendant in a Way That Complies With Federal Law.**

Where private parties wish to obtain the content of communications held in electronic storage, they can subpoena the user directly. This makes sense since the user has custody and control over the stored content. *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008) (ordering the issuing party to direct his request to the accountholder because "it seems apparent" that it would be unlawful for the provider to disclose content in response to a subpoena); *O'Grady*, 139 Cal. App. 4th at 1446-47 (stating that a service provider is a "data bailee," and that discovery must be directed to the owner of the data); *Suzlon*, 671 F.3d at 730-31 (stating that "[the user] himself is the person who should be responsible for disclosing his own emails"). In *O'Grady*, the California Court of Appeals likened service providers such as Facebook to a "kind of data bailee," noting that the SCA does "not render the data wholly unavailable; it only means that the discovery must be directed to the owner of the data, not the bailee to whom it was entrusted." 139 Cal. App. 4th at 1447. Therefore, the appropriate method of obtaining the

requested information is to seek the content directly from the user, who is not subject to the restrictions the SCA imposes on disclosure by service providers.

With respect to Facebook, users may log into their Facebook accounts at any time to preserve, collect, produce, and authenticate the contents of their accounts.  Facebook also provides a Download Your Information tool, Expanded Archive tool, and Activity Log that permit active users to easily access, review, and download their information, including messages, chats, notes, timeline posts, status updates, photographs, events, videos, friend lists, and other information.  *See* Facebook Help Center, "Accessing Your Facebook Information," http://www.facebook.com/help/326826564067688 (last visited Sept. 17, 2012).  Thus, subpoenaing relevant information from the user should be a simple and straightforward process.

### C.     Defendant's Subpoena to Facebook is Unreasonable and Unduly Burdensome.

Defendant's subpoena is improper notwithstanding the SCA's prohibitions.  A party issuing a subpoena duces tecum in a criminal matter must show:

> (1) that the documents are evidentiary and relevant; (2) that they are <u>not otherwise procurable reasonably in advance of trial by exercise of due diligence</u>; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974) (emphasis added).

Given the unbounded nature of Defendant's subpoena, which requests essentially all content since the account was created, and the fact that he can obtain all the desired information by issuing a subpoena to the user, Defendant cannot satisfy any of these factors.  Indeed,

Defendant's extremely broad subpoena suggests he has embarked on nothing more than a fishing expedition, and courts have rejected similar requests as impermissible. *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012) (denying request to review Facebook account content "in the hopes that there might be something of relevance"); *McCann v. Harleysville Ins. Co. of New York*, 78 A.D.3d 1524, 1525 (N.Y.A.D. 4 Dept. 2010) (denying motion for production of contents of Facebook account where movant "essentially sought permission to conduct 'a fishing expedition' into plaintiff's Facebook account based on the mere hope of finding relevant evidence). Defendant would have this Court open any private Facebook account on the hope that there may be useful fodder to be found in his defense.

Apart from his hope that something useful will turn up in his fishing, Defendant has not explained why he cannot obtain the information directly from the user.

**D.   Defendant's Subpoena is Procedurally Unenforceable.**

   **1.   Defendant Did Not Properly Serve the Subpoena**

Federal criminal subpoenas must be personally served on the witness, and the party issuing the subpoena must provide the required witness fees. *See* Fed. R. Cr. P. 17(d); *U.S. v. Sabhnani*, No. 07–cr–429 (ADS)(WDW), 2008 WL 7842013, at *2-3 (E.D.N.Y., July 19, 2008) (quashing subpoenas that were not personally served). Defendant, however, simply faxed and emailed his subpoena to Facebook without tendering any witness fees, thus rendering the subpoena procedurally defective.

   **2.   The Subpoena May Also Violate Rule 17(c)(3) to the Extent it Seeks Records Belonging to a Victim**

Federal Rule of Criminal Procedure 17(c)(3) states in full,

> **Subpoena for Personal or Confidential Information About a Victim**.  After a complaint, indictment, or in-formation is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order.  Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Accordingly, the subpoena is also defective to the extent Defendant seeks the Facebook records of a victim and failed to give them notice before the subpoena was "so ordered" so that the victim could move to quash, modify or otherwise object to the subpoena.

## IV.   CONCLUSION

For the foregoing reasons, Facebook respectfully asks the Court to quash Defendant's subpoena.

Dated: September 20, 2012               Respectfully submitted,

                                        PERKINS COIE LLP

                                        By: */s/ Jeffrey D. Vanacore*
                                            Jeffrey D. Vanacore
                                            jvanacore@perkinscoie.com

                                        30 Rockefeller Plaza, 25th Floor
                                        New York, New York  10112
                                        Tel.:  (212) 262-6900
                                        Fax:  (212) 977-1649

                                        *Of Counsel*:

                                        John K. Roche
                                        Perkins Coie LLP
                                        700 Thirteenth Street N.W.
                                        Washington, D.C.  20005-3960
                                        Tel.:  202-434-1627
                                        Fax:  202-654-9106
                                        JRoche@perkinscoie.com

                                        Attorneys for Facebook, Inc.