# EXHIBIT 2



1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

Randy Tyler
PHONE: (206) 359-3034
FAX: (206) 359-7262
EMAIL: RTyler@perkinscoie.com

September 17, 2012

**VIA FAX & EMAIL**

Mitchell Dinnerstein, Esq.
Attorney at Law
350 Broadway
Suite 700
New York, NY 10013
(212)-925-0793
Fax: (212)-625-3939
md@dinnersteinlaw.com

Russell Todd Neufeld
Russell T. Neufeld Law Office
99 Hudson Street, 8th Floor
New York, NY 10013
(646) 613-8359
Fax: (212) 965-9084
rneufeld@neufeldlawoffice.com

Re:   **Subpoena for Facebook Content,** *U.S. v. Colon*, **United States District Court for the Southern District of New York, Case No. 11-576 (WHP)**

Gentlemen:

We represent Facebook, Inc. ("Facebook") and write in response to the subpoena issued on behalf of a criminal defendant in the above-referenced matter.  For the reasons stated below, Facebook must object to the subpoena.  Should you decide to ask the Court to enforce the subpoena over Facebook's objections, we do not waive our objections as to improper service but request that you provide us with adequate notice of any such filing.  Please also attach this letter to any papers you may file and alert the Court to each of the grounds upon which Facebook objects to your request, including the presence of federal law that prohibits Facebook from producing user content.

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DALLAS · DENVER · LOS ANGELES · MADISON · NEW YORK
PALO ALTO · PHOENIX · PORTLAND · SAN DIEGO · SAN FRANCISCO · SEATTLE · SHANGHAI · TAIPEI · WASHINGTON, D.C.

Perkins Coie LLP

Mitchell Dinnerstein, Esq.
September 17, 2012
Page 2

The subpoena is invalid because the federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*., ("SCA") prohibits service providers like Facebook from disclosing the contents of electronic communications in electronic storage or that are carried or maintained on a remote computing service. 18 U.S.C. § 2702(a)(1), (2). There is no exception for a subpoena issued or obtained by a criminal defendant. *Id.* § 2702(b)(1)-(8) (enumerating eight explicit exceptions to the prohibition on disclosure). Only a "governmental entity" as defined by 18 U.S.C. § 2711(4) can obtain legal process to compel production of the contents of communications from a service provider under the SCA. *See* 18 U.S.C. § 2703. Your subpoena is therefore insufficient to compel Facebook to produce the requested contents of electronic communications. *United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010) (Compelled production of content by a governmental entity from a provider requires a search warrant); *Commonwealth v. Senneway*, Docket No. 2011-07868, Orders (Court of Common Pleas of Allegheny County, Pennsylvania, Jan. 26, 2012 & Feb. 8, 2012) (orders quashing subpoena to Facebook and directing defendant to obtain content from victim); *Commonwealth v. McCarthy*, No. 1059CR2265, Mem. & Order on Mot. to Quash Subpoena, at 5 (Mass. Dist. Ct. Sept. 13, 2011) ("As neither the defendant nor this court is a 'governmental agency' as that term is defined for the purposes of the [SCA], the terms of the [SCA] do not permit Facebook to comply with this court's order to produce the records that the defendant seeks"); *People v. Pour*, No. 08 CF 2781 (Ill. Third Judicial Cir. July 1, 2010) (denying criminal defendant's motion to compel production of documents by non-party Facebook because the subpoena was "barred under federal law").[1]

More specifically, the so ordered subpoena you obtained is insufficient because the SCA establishes that a court order "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication . . . are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d) (emphasis added). The SCA defines a "governmental entity" as "a department or agency of the United States or any State or subdivision thereof." 18 U.S.C. §

---

[1] *Cf. Theofel v. Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (A subpoena seeking email cannot compel production of electronic communications under the SCA.); *Special Mkts. Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *2-3 (N.D. Ill. May 2, 2012) (holding that civil subpoenas are barred by the SCA, and a request for 18 months of content is improper in any event; proper course is to issue request for production to the user); *Chasten v. Franklin*, No. C10-80205, 2010 WL 4065606, at *2 (N.D. Cal. Oct. 14, 2010) (holding that a service provider's "compliance with the [civil] subpoena would be an invasion . . . of the specific interests that the [SCA] seeks to protect") (citation omitted); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008) (declining to address whether a third-party service provider must respond to a civil subpoena for content but noting that "it seems apparent" that it would be unlawful for the service provider to do so); *FTC v. Netscape Commc'ns Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) (SCA prohibits the disclosure of stored electronic communications in response to a subpoena.); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1442 (Cal. App. 2006) (A service provider's compliance with a court order to produce electronic communications would be an "unlawful act.").

Mitchell Dinnerstein, Esq.
September 17, 2012
Page 3

2711(4).  This definition does not encompass the judiciary.  *United States v. Amawi*, 552 F. Supp. 2d 679, 680 (N.D. Ohio 2008).  The structure of the SCA confirms this conclusion because a "court of competent jurisdiction" is itself a defined term separate and apart from a "governmental entity."  *Id.* ("As a matter of statutory construction, § 2703(d) distinguishes between courts, which issue orders, and government entities, which can apply for orders."); *see also* 18 U.S.C. § 2711(3) (defining "court of competent jurisdiction").  Moreover, even if the court were a "governmental entity" under the SCA, a search warrant is required in order for such an entity to compel production of the contents of communications.  *Warshak*, 631 F.3d at 288.

Additionally, federal criminal subpoenas must be personally served along with a tender of fees.  *See* Fed. R. Cr. P. 17(d); *U.S. v. Sabhnani*, No. 07–cr–429 (ADS)(WDW), 2008 WL 7842013 (E.D.N.Y., July 19, 2008).  Your subpoena was served by email and fax without any tender of fees and is therefore invalid.

Furthermore, to the extent your subpoena demands records relating to an alleged victim, it is unlawful unless issued pursuant to a court order and upon notice to the victim.  *See* Fed. R. Cr. P. 17(c)(3) ("a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order" and only after the victim has been provided with notice and an opportunity to object); 18 U.S.C. § 3771(a)(1), (8) ("A crime victim has the . . . rights . . . to be reasonably protected from the accused [and] treated with . . . respect for the[ir] dignity and privacy.").  Therefore, even if Facebook were permitted to produce the requested records in response to anything less than a search warrant, which it is not, your subpoena is still improper under federal law and must be immediately withdrawn.

Nevertheless, despite the objections above, there are alternative ways for you to obtain the content you seek.  For example, you can issue a subpoena directly to the user, who owns and has custody and control of the content in his or her account and to whom the prohibition in the SCA does not apply.[2]  Active Facebook users can log into their accounts at any time to collect and produce the contents of their accounts.  Facebook's Download Your Information tool, Expanded Archive tool, and Activity Log permit active users to easily access, review, and download their

---

[2] *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 731 (9th Cir. 2011) (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user); *Special Mkts. Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *2-3 (N.D. Ill. May 2, 2012) (holding that civil subpoenas are barred by the SCA, and a request for 18 months of content is improper in any event; proper course is to issue request for production to the user); *Flagg*, 252 F.R.D. at 348, 366-367; *O'Grady*, 139 Cal. App. 4th at 1446.  *See also Offenback v. L.M. Bowman, Inc.*, No. 1:10–CV–1789, 2011 WL 2491371, at *3 n.3 (M.D. Pa. June 22, 2011) (It is "proper for [the user] to have undertaken the initial review of his Facebook account to determine whether it contained potentially relevant and responsive information, and thereafter to solicit the Court's assistance if a dispute remained as to whether he should be required to produce the information identified.") (emphasis added).

Mitchell Dinnerstein, Esq.
September 17, 2012
Page 4

information, including messages, chats, notes, timeline posts, status updates, photographs, events, videos, friend lists, and other information.[3]  If the account in question belongs to your own client, it should be possible for any person (i.e., an investigator in your office or other staff member) who executes the Download Your Information tool, Expanded Archive tool, or Activity Log to provide a declaration or testify regarding the download process and completeness of information provided.  Alternatively, you could work with the prosecutor to obtain a search warrant issued to Facebook for this information.  In light of these alternative means of obtaining this content, a subpoena is improper notwithstanding the SCA's prohibitions.  *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (Party seeking a subpoena duces tecum in a criminal matter must show:  "(1) that the documents are evidentiary and relevent [sic]; (2) that they are <u>not otherwise procurable</u> reasonably in advance of trial by <u>exercise of due diligence</u>; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'") (emphasis added).

To the extent your subpoena demands production of deleted content, Facebook should not bear the burden of searching for, or producing, deleted content given that deleted data is generally regarded as not reasonably accessible due to undue burden or cost.  *U.S. v. Amerigroup Illinois,* No. 02 C 6074, 2005 WL 3111972, at *3-4 (N.D. Ill., Oct. 21, 2005) (restoration of deleted content constitutes an "undue burden" and noting there is "not a single case in which a non-party was subjected to the significant burden of restoring electronic data from backup tapes.").

Your subpoena is also vastly overbroad as it calls for nearly all information associated with a Facebook user account, unlimited by time or scope.  *Nixon*, 418 U.S. at 699-700 (subpoena cannot be used as a general fishing expedition).

I trust this letter resolves this matter, but please feel free to contact me at the telephone number or email address above if you would like to further discuss.  Please note that Facebook preserves and does not waive any other available objections or rights

---

[3] *See* Facebook Help Center, "Accessing Your Facebook Information," <u>http://www.facebook.com/help/326826564067688</u> (last visited Sep. 17, 2012).

Mitchell Dinnerstein, Esq.
September 17, 2012
Page 5

Very truly yours,

Randy Tyler

JRT:JRT