# EXHIBIT 4

07/09/2010 12:33 FAX 6186552005            ST ATTY FELONY                    ☒002

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS



FILED
JUL 06 2010

CLERK OF CIRCUIT COURT #39
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
)
Vs. )
) No. 08 CF 2781
)
BRYAN POUR , )
)
 Defendant. )

## ORDER

The matter has been presented to the Court on a Motion to Compel Compliance with Subpoena as filed by defendant herein and as directed to Facebook Inc.. Defendant is represented by attorney Watkins, the State of Illinois by attorney Vucich, and Facebook Inc. by attorney Gossman. In response to the motion, attorney Gossman filed an objection. Hearing was held on these matters, arguments presented, case law and statutes cited, additional briefs were submitted and the court held the matter sub judice. The court being fully advised in the premises and having considered the matter, denies the Motion to Compel.

The Court agrees with the contentions of Facebook as submitted by attorney Gossman and finds additional factors in reaching this conclusion.

The disclosure by Facebook is barred under federal law. The Court finds that the sections of the U.S. Code referred to as the Electronic Communications Privacy Act do not permit respondent to disclose the requested information.

The request would put an undue burden upon respondent. Facebook is not a party to this proceeding and it appears that substantial effort would be required to search for data identified with the approximately twenty-three individuals listed.

The request is vague and overly broad in that specific identifiers of these individuals are not given, nor is the means of locating or identifying them. Their relationship to the case is

not obvious and their substantive knowledge is speculative. The request asks for complete "profiles" extending for months and seeks "any and all" correspondence exchanged between these listed individuals and any and all other parties.. What part of that, if any, that would be relevant and material is unknown. No explicit claim has been asserted. There is no discernible basis to demand these individuals' communications to "all others".

The request would appear to place an obligation upon respondent to create or produce documents or material which do not currently exist in that format. In almost all cases, the burden to produce via subpoena is for material in a form as it exists. It is not generally required of a respondent to create material in a form which burdens them to produce documents, formats, or summaries in a manner not common to their usage or storage.

The court is further concerned with questions of individual privacy. Facebook may have access to requested information, but are they entitled to disclose it? No individual has apparently consented to disclosure. Is there an issue of bailment? Even if they were permitted to disclose, the court should carefully weigh privacy interests of the parties, their expectation of privacy, and the broad intrusiveness of the request. In doing so, the court finds that this request to Facebook is overly broad, burdensome, intrusive, speculative, contrary to federal law and contrary to public policy.

DATE:   1 July 2010

_____J. Bailey_____
JUDGE