**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------X**

**UNITED STATES OF AMERICA,**

    **-against-**                          **(S-12) 11-CR-0576(WHP)**

**JOSHUA MEREGILDO, et. al.**
                  **Defendants**

**---------------------------------------------------X**


**DEFENDANT MELVIN COLON'S RESPONSE TO**
**GOVERNMENT'S LETTER SEEKING TO INTRODUCE EVIDENCE**
**OF CHARGED AND UNCHARGED CRIMES AND MOTION IN**
**LIMINI BOTH FILED ON SEPTEMBER 13, 2012**


**MITCHELL DINNERSTEIN**, Esq.
Attorney for Defendant, Melvin Colon
350 Broadway
Suite 700
New York, New York 10013
212-925-0793

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

**UNITED STATES OF AMERICA,**

    **-against-**

**JOSHUA MEREGILDO, et. al.**            **(S-12) 11-CR-0576 (WHP)**
                **Defendants.**

-----------------------------------------------------X

<u>**DEFENDANT MELVIN COLON'S RESPONSE TO**</u>
<u>**GOVERNMENT'S LETTER SEEKING TO INTRODUCE EVIDENCE**</u>
<u>**OF CHARGED AND UNCHARGED CRIMES AND MOTION IN**</u>
<u>**LIMINI BOTH FILED ON SEPTEMBER 13, 2012**</u>

## I.  PRELIMINARY STATEMENT

        Mr. Colon submits this response to this response in opposition to the

Government's motion *in limini* to admit charged and uncharged criminal conduct as

to Defendant Colon and for seeking other relief.

## II.  BACKGROUND

        The indictment in this case charges Colon and others, with over

twenty counts of racketeering and drug related charges, including murder,

conspiracy to murder, assault, drug distribution and firearms counts.  The

Government charges the enterpriser as the Courtlandt Avenue Crew ("CAC").

Specifically, the Government asserts that the CAC grew out of a vacuum created by a large federal takedown of a drug distribution network in or about November 2009 in the drug distribution territory located in and around the Jackson and Melrose Housing Project in the Bronx." (Gov't Letter, Dated Sept. 13, 2012 at p. 4)   The Government alleges that several members of the CAC, including Colon, were members of a street gang named "God's Favorite Children  "GFC".  (Id. at p. 4)  In the Spring, 2010, the Government alleges that CAC members entered the drug distribution business (Id. at p. 5) after the 2009 arrests of the previous drug distribution network.

The Government now seeks to introduce evidence of certain charged and uncharged criminal conduct allegedly committed by Colon prior to the charged conspiracy.  Some of the acts are some four years prior to the date of this alleged conspiracy.

The Government also moves for an Order permitting the Government to elicit evidence at trial that Colon was incarcerated at relevant times before and during the period at issue in the Indictment.

The Government also moves for an order prohibiting cross-examination of a cooperating witness about his prior sexual contact with a minor female.

The Government also moves for an order permitting the

3

Government to elicit testimony concerning statements made by unidentified co-conspirators allegedly made in furtherance of the racketeering enterprise.

## III. ARGUMENT

### THE COURT SHOULD PRECLUDE THE GOVERNMENT'S  REQUEST TO ADMIT CERTAIN CHARGED AND UNCHARGED CRIMES

The circumstances of Colon's circumstances are virtually identical to that of Meregildo.   Therefore, I will adopt the argument made by my co-counsel Winston Lee filed on September 21, 2012 in his Response to the Government's In Limini, pp. 4-10.  (hereinafter referred to as the "Lee" memo)   The  "Lee" memo refers that the other crime evidence does not prove the existence of a charged conspiracy nor is it admissible under the necessary balancing of Fed. R. of Evid. 404(b) and 403.   I shall not repeat the legal arguments made in the "Lee" memo but simply do adopt them now.

It should be noted that Colon was only fourteen and fifteen when many of the alleged crimes were committed.    The defendant's age should also be taken into consideration within the Fed. R. of Evid. 403 and 404(b) analysis.   The Government statement that Colon went  "on routine trips to rival housing projects to shoot at their rivals" (Gov't Ltr. p. 12)  are such chilling, and uncorroborated, statements that they would seriously affect the fairness of the trial.   How would Colon defend, uncharged, and  apparently unreported crimes? Does the

Government have any other proof other than the uncorroborated word of a Government informant?  Do crime reports even exist that can at least provide some valid corroboration that such things happened or that Colon was involved?   How could Colon who lived his whole life in that neighborhood never be arrested for these apparently numerous  "routine" shootings?   (Gov't Letter p. 11)

The Government further seeks introduction of a robbery arrest on or about June 27, 2008.  The Government in its Motion In Limini also filed on September 13, 2012, indicates that Colon was incarcerated from December 7, 2007 through August 2, 2010.   Obviously, if the Government is accurately identifying Colon's periods of incarceration, then he could not have been involved in a June 27, 2008 crime.  Nor have the Government established how this robbery charge is relevant in the criminal enterprise which, if one accepts the Government theory has, as its purpose, the use firearms in the commission of murders and assaults to maintain a drug enterprise.  This event does not fall under the broad aspects of the criminal enterprise or should be properly introduced as 404(b) conduct.

## THE GOVERNMENT SHOULD BE PRECLUDED FROM INTRODUCING THE NATURE OF THE CRIMES CHARGED DURING COLON'S INCARCERATION

The Government argued in its Motion *In Limini* that the Government should be permitted to introduce evidence that Colon was incarcerated during certain periods of time both prior to and during the alleged criminal conspiracy.

Colon does not challenge that the Government may introduce evidence of incarceration, but does not find any basis in the Government being permitted to discuss the nature of Colon's youthful offender adjudications.

### THE GOVERNMENT APPLCATION FOR AN ORDER PROHIBITING CROSS EXAMNATION OF A COOPERATING WITNESS ABOUT HIS PRIOR SEXUAL CONTACT WITH A MINOR FEMALE SHOULD BE DENIED

Colon joins fully in the memorandum of law prepared by Gary Becker in his Memorandum of Law filed on September 21, 2012 on behalf of Nolbert Miranda's in Opposition to the Government's *In Limini* Motion.  (pp.1-11)

### THE GOVERNMENT APPLICATION FOR AN ORDER PERMITTING THE GOVERNMENT TO ELICIT TESTIMONY CONCERNING STATEMENTS MADE BY UNIDENTIFED CO-CONSPIRATIORS ALLEGEDLY MADE IN FURTHERANCE OF A RACKETEERING ENTERPRISE SHOULD BE DENIED

Colon joins fully in the memorandum of law prepared by Florian Meidel in Defendants Earl Pierce's Response to Government's Motion in Limini filed on September 22, 2012.  (pp. 3-7)

.

## IV. CONCLUSION

For the foregoing reasons, I respectfully request that the

Government's Motion in Limini and its letter seeking to introduce evidence of

charged and uncharged crimes should be denied in its entirety.

DATED:  New York, New York
         September 25, 2012


                                        /s/ **Mitchell Dinnerstein**
                                        Mitchell Dinnerstein, Esq.
                                        Attorney for Melvin Colon
                                        350 Broadway, Suite 700
                                        New York, New York 10013
                                        (212)- 925-0793