UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------  :
                                            :
  MELVIN COLON,                             :
                                            :        16cv7555
                    Petitioner,             :
                                            :        11cr576
          -against-                         :
                                            :        <u>OPINION & ORDER</u>
  UNITED STATES OF AMERICA,                 :
                                            :
                    Respondent.             :
-----------------------------------------  :

WILLIAM H. PAULEY III, District Judge:

            Petitioner Melvin Colon moves to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  Colon alleges errors in the jury instructions and Indictment, as

well as a claim of ineffective assistance of counsel.  For the following reasons, Colon's petition

is denied.

<u>BACKGROUND</u>

            In June 2012, a federal grand jury charged Colon and a number of co-defendants

with twenty-eight counts of racketeering, murder, narcotics, and firearms-related offenses.

(Superseding Indictment, ECF No. 93.)  These charges arose out of Colon's membership in a

violent street gang known as the "Courtland Avenue Crew" ("CAC").  Specifically, the

Superseding Indictment charged Colon with racketeering conspiracy, two murder conspiracies,

narcotics conspiracy, and substantive crimes of murder, attempted murder, assault, and various

firearms offenses.

            This Court presided over a two-month jury trial of Colon and three of his co-

defendants.  The Government offered forty witnesses and introduced seized drugs, drug

paraphernalia, and firearms used in the murders.  It also presented social media postings from

Colon and other gang members referencing their drug trafficking and firearms crimes.

In December 2012, a jury convicted Colon of racketeering, racketeering

conspiracy, conspiracy to murder in aid of racketeering, murder in aid of racketeering,

conspiracy to murder in aid of racketeering, assault and attempted murder in aid of racketeering,

conspiracy to distribute and possess with intent to distribute, murder in connection with a drug

crime, discharge of a firearm resulting in murder, discharge of a firearm in furtherance of a crime

of violence, and possession of firearms during and in relation to a drug trafficking crime.  (Trial

Tr. 6493–507.)  Colon moved for acquittal and a new trial, arguing chiefly that there was

insufficient evidence to support a conviction and that the Government's witnesses lacked

credibility.  (Memorandum of Law in Support of Post-Trial Motions for Defendant Melvin

Colon, ECF No. 389.)  This Court denied those motions.  (Memorandum & Order, ECF No.

467.)  In September 2013, this Court sentenced Colon to life imprisonment plus 420 months'

imprisonment.  (Judgment in a Criminal Case, ECF No. 503)

Colon appealed, claiming insufficient evidence, denial of his First Amendment

rights, the unconstitutionality of the Stored Communications Act as applied to him, and

constructive amendment of the indictment by a supplemental jury instruction.  The Second

Circuit rejected each of these arguments and affirmed Colon's conviction.  United States v.

Pierce, 785 F.3d 832 (2d Cir. 2015).  The Supreme Court denied certiorari.  Colon v. United

States, 136 S. Ct. 213 (2015).

## LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners may challenge sentences "imposed in

violation of the Constitution or laws of the United States."  However, "[a] habeas action is not

intended to substitute for a direct appeal." Fountain v. United States, 357 F.3d 250, 254 (2d Cir. 2004). Therefore, a claim not directly appealed is procedurally barred under the 'exhaustion rule' unless the petitioner can show both cause for the default and actual prejudice, or demonstrate actual innocence. United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

Establishing cause requires showing "some objective factor external to the defense impeded counsel's efforts to comply" with applicable procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). Prejudice means that the claimed error "resulted in substantial disadvantage, infecting the entire trial with error of constitutional dimensions." Gutierrez v. Smith, 702 F.3d 103, 112 (2d Cir. 2012) (internal citation omitted). To demonstrate actual innocence, a habeas petitioner must show "factual innocence, not mere legal insufficiency, and demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Thorn, 659 F.3d at 234 (internal citation omitted).

A habeas claim is also barred under the 'mandate rule' if it was already raised on direct appeal and decided. Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010); United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (internal citation omitted).

Ineffective assistance of counsel is a basis for relief under § 2255. See Morales v. United States, 635 F.3d 39, 42–43 (2d Cir. 2011). To prevail on an ineffective assistance claim, a petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice resulted—i.e., there is a reasonable probability that, but for the deficient representation, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). With regard to the first prong, a reviewing court

"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689).

## DISCUSSION

Colon raises three arguments in support of his habeas petition: (1) that this Court's supplemental jury instruction constructively amended the Superseding Indictment, (2) that the Superseding Indictment was defective, and (3) that he received ineffective assistance of counsel. As discussed below, Colon's arguments fail or are procedurally barred.

### A. Constructive Amendment of the Indictment

Colon alleges that the jury instructions and verdict sheet at his trial constructively amended the Superseding Indictment. (Petition at 14.)[1] Specifically, Colon challenges this Court's instruction that "[r]acketeering act six incorporates count 13" and that if the jury finds "Melvin Colon guilty of count 13, then he committed racketeering act six." (Trial Tr. 6342.) Colon claims that these instructions constructively amended the Superseding Indictment by consolidating two distinct counts. (Petition at 14–15, 18.)

However, this claim is procedurally barred by the mandate rule because Colon raised it on direct appeal and the Second Circuit rejected it. See Pierce, 785 F.3d 832, 844–46. The Second Circuit held that "[b]y the plain language of the indictment, membership in CAC was not required for Count Fifteen,[2] the narcotics conspiracy count. Count Fifteen does not explicitly mention CAC . . . nor does it assert that the goals of the narcotics conspiracy were coextensive with the goals of CAC." Pierce, 785 F.3d at 845. The Court of Appeals then held

---

[1] Citations to Colon's petition correspond to the page numbers of the ECF filing.
[2] The unredacted Superseding Indictment charges the narcotics conspiracy in Count 15. Colon's habeas petition refers to counts as renumbered in the redacted Superseding Indictment used at trial. Count 13 of the redacted Superseding Indictment is Count 15 in the unredacted Superseding Indictment.

that this "[C]ourt's supplemental instruction did not modify any essential element of the offense." Pierce, 785 F.3d at 845 (internal citation omitted). Accordingly, Colon is barred from asserting this claim.

## B. Defective Indictment

Colon asserts that the Superseding Indictment was defective. Reading his petition liberally, Colon seems to argue that Count 13 was defective because it did not "incorporate by reference the Courtland Avenue Crew, as described in paragraphs 1 through 4 in Count One of the indictment." (Petition at 26.) In advancing this argument, Colon reiterates his earlier claim that the supplemental jury instruction modified or invalidated Count 13. That is a non-material variation on his constructive amendment argument.

To the extent Colon now claims that the Superseding Indictment was defective, his argument is barred by the exhaustion rule. Colon failed to challenge the sufficiency of the Superseding Indictment before trial, after trial, or on direct appeal. "In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993). Although Colon cites "ineffective counsel" as the basis for his failure to bring this argument on appeal, he does not explain how his counsel was ineffective. And, in any event, "[f]ailure to raise an issue in a brief rarely constitutes ineffective assistance of counsel." Abdur-Rahman v. United States, 2016 WL 1599491 at *2 (citing Jones v. Barnes, 463 U.S. 745, 751–53 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible.")

Because Colon has not shown cause for failing to raise this argument earlier, this Court need not proceed to the prejudice prong of the inquiry. <u>Thorn</u>, 659 F.3d at 233. Further, Colon does not argue that he is actually innocent. This claim is therefore barred.

## C. Ineffective Assistance

Finally, Colon claims that his trial counsel and appellate counsel were ineffective. Specifically, he asserts that his trial counsel failed to ensure his "5th Amendment rights to have the jury determine the essential elements of 18 U.S.C § 924(j)." (Petition at 32.) Count 19 charged Colon with the use of a firearm to murder Delquan Alston. Colon also faults his appellate counsel for failing to raise this argument on appeal. (Petition at 32.)

This Court instructed the jury on each of the elements of a § 924(j) offense and explained that each element must be found beyond a reasonable doubt. (Trial Tr. at 6308–11.) Any objection by trial counsel on this ground would have been frivolous. And with respect to Colon's appellate counsel, an attorney is not ineffective for failing to raise a meritless argument. <u>Aparicio v. Artuz</u>, 269 F.3d 78, 99 (2d Cir. 2001).

Colon has not established that either his trial or appellate counsel acted unreasonably or that he was prejudiced by their actions. Accordingly, his ineffective assistance claim is also denied.

<u>CONCLUSION</u>

For the foregoing reasons, Melvin Colon's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Because Colon has not made a substantial showing of the denial of his constitutional right, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C. § 2253(c). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that any appeal from this Order would not be taken in good faith.  See Coppedge v. United

States, 369 U.S. 438 (1962).

The Clerk of Court is directed to terminate all pending motions, mark this case as

closed, and mail a copy of this Opinion and Order to the Petitioner.

Dated: October 4, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.